**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CURTIS GIOVANNI FLOWERS** **PLAINTIFF**

**VS.** **NO. 4:21CV110-NBB-JMV**

**DOUG EVANS, in his individual capacity, JOHN JOHNSON, in his individual capacity, WAYNE MILLER, in his individual capacity, and JACK MATTHEWS, in his individual capacity** **DEFENDANTS**

**DEFENDANT JACK MATTHEW'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**
***JURY TRIAL DEMANDED***

COMES NOW Defendant Jack Matthews ("Defendant Matthews"), by and through counsel, and answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant Matthews upon which relief can be granted.

**SECOND DEFENSE**

Defendant Matthews is not liable for any alleged injuries or damages of Plaintiff based upon his qualified immunity and any and all other immunities, governmental or otherwise, which are available or afforded to him in his capacity as an investigator with the Mississippi Highway Patrol and as a law enforcement officer.

**THIRD DEFENSE**

Plaintiff's claims against Defendant Matthews are barred, precluded or limited by sovereign immunity, governmental immunity, absolute immunity, qualified immunity and/or by

any and all other immunities afforded him under the laws of the United States or the State of Mississippi.

**FOURTH DEFENSE**

Defendant Matthews is subject to the terms, conditions, protections and immunities of the provisions of the Miss. Code Ann. § 11-46-1, *et seq.*, otherwise known as the Mississippi Tort Claims Act. Defendant Matthews specifically incorporates all the protections, immunities and defenses contained therein, particularly and specifically, but not limited to, the protections of the MTCA against suit beyond one year, prematurity of suit, timeliness of suit, sufficiency or not of the "notice of claim" letter, suit against employees (individually) and the prohibitions thereof, particularly for actions taken within the course and scope of his job, protections contained in the MTCA against recovery of punitive damages, attorney fees, interest and costs, and all exemptions to the waiver of immunity (incorporated by reference) contained in Section 11-46-9 of the MTCA, and by specific incorporation of all other limiting provisions of the MTCA available to Defendant Matthews.

**FIFTH DEFENSE**

Defendant Matthews asserts that some or all claims or remedies are barred by the applicable statutes of limitation, limitation of actions, defenses and abatement, collateral estoppel, estoppel and laches.

**SIXTH DEFENSE**

Under the Mississippi Tort Claims Act "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. Section 11-46-7(2). All allegations in the complaint reference investigation conducted by Defendant Matthew with the course and scope of his duties as a MHP investigator and Plaintiff

has no basis in fact or law for claims of personal liability against him. Plaintiff has not alleged conduct constituting fraud, malice, libel, slander, defamation or a criminal offense on the part of Defendant Matthews that would cause him to lose protection under the MTCA.

## ANSWER

Answering the first, unnumbered paragraph of the Complaint, Defendant Matthews admits that Plaintiff filed this Complaint against individuals listed in the first unnumbered paragraph of the Complaint. Defendant Matthews denies all remaining allegations in the paragraph.

## I. INTRODUCTION

1.

The allegations contained in Paragraph 1 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

2.

The allegations contained in Paragraph 2 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

3.

Defendant Matthews admits that this lawsuit is brought against him for wrongful actions relating to the investigation of Curtis Flowers. Defendant Matthews denies any wrongful actions relating to the investigation of Curtis Flowers and any other allegations in the paragraph.

4.

The allegations contained in Paragraph 4 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

5.

The allegations contained in Paragraph 5 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

6.

The allegations contained in Paragraph 6 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

7.

The allegations contained in Paragraph 7 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

8.

The allegations contained in paragraph 8 reference some investigative aspects of the Curtis Flowers case, but do not reference any specific wrongdoing of Defendant Matthews. To

the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

9.

The allegations contained in paragraph 9 appear to reference investigative aspects of the Curtis Flowers case, but do not reference any specific wrongdoing of Defendant Matthews. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

10.

The allegations contained in Paragraph 10 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

**THE PARTIES**

11.

The allegations contained in paragraph 11 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

12.

The allegations contained in paragraph 12 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

13.

The allegations contained in paragraph 13 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

14.

The allegations contained in paragraph 14 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

15.

Defendant Matthews admits the allegations of paragraph 15.

**JURISDICTION AND VENUE**

16.

Defendant Matthews admits that this Court has jurisdiction of these claims as stated in paragraph 16 of the Complaint. Defendant Matthews denies the remaining allegations of paragraph 16 and denies liability under the cited statutes and amendments.

17.

Defendant Matthews admits that this Court has supplemental jurisdiction over state law claims in this lawsuit, but denies any remaining allegations of paragraph 17 of the Complaint, and denies liability based on the state law claims.

18.

Defendant Matthews admits that venue in this Court is proper.

**FACTUAL BACKGROUND**

19.

Defendant Matthews admits the allegations of paragraph 19.

20.

In response to paragraph 20, to the extent that the testimony attributed to Defendant Matthews at the *Flowers* IV trial referenced in the paragraph is accurate, that allegation is admitted. The remaining allegations in paragraph 20 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent any remaining allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the remaining allegations are denied.

21.

The allegations contained in paragraph 21 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

22.

Upon information and belief, Defendant Matthews admits the allegations of paragraph 22.

23.

The allegations contained in paragraph 23 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

24.

The allegations contained in paragraph 24 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

25.

The allegations contained in paragraph 25 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

26.

The allegations contained in paragraph 26 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

27.

The allegations contained in paragraph 27 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

28.

In response to paragraph 28, to the extent that the quote from trial testimony attributed to Defendant Matthews is accurate, that allegation is admitted. Answering further, the allegations in paragraph 28 appear to reference investigative aspects of the *Curtis Flowers* case, but do not

reference any specific wrongdoing of Defendant Matthews. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

29.

The allegations in paragraph 29 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

30.

The factual allegations contained in paragraph 30 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

31.

The factual allegations contained in paragraph 31 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

32.

Defendant Matthews denies the allegations of paragraph 32.

**Six Trials and Four Appeals**

33.

The allegations contained in paragraph 33 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could

be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

34.

The allegations contained in paragraph 34 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

35.

The allegations contained in paragraph 35 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

36.

The allegations contained in paragraph 36 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

37.

The allegations contained in paragraph 37 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

38.

The allegations contained in paragraph 38 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

39.

The allegations contained in paragraph 39 are not directed at Defendant Matthews and,

for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

40.

The allegations contained in paragraph 40 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

41.

The allegations contained in paragraph 41 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

42.

The allegations contained in paragraph 42 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

43.

The allegations contained in paragraph 43 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

44.

The allegations contained in paragraph 44 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

45.

The allegations contained in paragraph 45 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

46.

The allegations contained in paragraph 46 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

47.

The allegations contained in paragraph 47 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

48.

The allegations contained in paragraph 48 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

49.

The allegations contained in paragraph 49 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

50.

The allegations contained in paragraph 50 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could

be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

51.

The allegations contained in paragraph 51 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

52.

The allegations contained in paragraph 52 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

53.

The allegations contained in paragraph 53 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

**Defendants' Repeated Misconduct**

54.

The allegations contained in paragraph 54 do not appear to be directed at Defendant Matthews and any wrongdoing attributed to him during investigation of the Flowers case and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

55.

The allegations contained in paragraph 55 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

56.

The allegations contained in paragraph 56 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

57.

The allegations contained in paragraph 57 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

58.

The allegations contained in paragraph 58 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

59.

The allegations contained in paragraph 59 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

60.

The allegations contained in paragraph 60 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

61.

The allegations contained in paragraph 61 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be

deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

62.

The allegations contained in paragraph 62, including the allegations in footnote 1, are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

63.

The allegations in paragraph 63 do not appear to be directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

64.

The allegations in paragraph 64 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

65.

The allegations in paragraph 65 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

66.

The allegations in paragraph 66 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

67.

The allegations in paragraph 67 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

68.

The allegations in paragraph 68 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

69.

The allegations in paragraph 69 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

70.

The allegations in paragraph 70 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

71.

The allegations in paragraph 71 do not appear to be directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

72.

The allegations in paragraph 72 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert

any wrongdoing against Defendant Matthews, the allegations are denied.

73.

The allegations in paragraph 73 do not appear to be directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

74.

The allegations in paragraph 74 are not directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

75.

The allegations in paragraph 75 do not appear to be directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

76.

The allegations in paragraph 76 do not appear to be directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

77.

The allegations in paragraph 77 do not appear to be directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

78.

The allegations in paragraph 78 do not appear to be directed at Defendant Matthews, and,

therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

79.

The allegations in paragraph 79, including the allegations in footnote 2, do not appear to be directed at Defendant Matthews, and, therefore, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

80.

Defendant Matthews lacks sufficient information and memory to recall whether or not he or any other investigator began an interview with Mary Jeanette Fleming by asking her if he saw Curtis Flowers on the day of the murders as alleged in paragraph 80. Regardless of how the interview with Ms. Fleming was begun, Defendant Matthews denies any wrongful actions during the interview relating to his investigations and any other allegations in the paragraph.

81.

The allegations in paragraph 81 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

82.

The allegations in paragraph 82 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

83.

Defendant Matthews denies the allegations of paragraph 83.

84.

The allegations in paragraph 84 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

85.

The allegations in paragraph 85 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

86.

To the extent the allegations of paragraph 86 allege any wrongdoing on the part of Defendant Matthews for his role in the investigation of Curtis Flowers or others, Defendant Matthews denies the allegations.

87.

To the extent the allegations of paragraph 87 allege any wrongdoing on the part of Defendant Matthews for his role in the investigation of Curtis Flowers or others, Defendant Matthews denies the allegations of the paragraph.

88.

Defendant Matthews denies that the case was minimally investigated. The remaining allegations in paragraph 88 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

89.

To the extent the allegations of paragraph 89 allege any wrongdoing on the part of

Defendant Matthews for his role in the investigation of Curtis Flowers or others, Defendant Matthews denies the allegations of the paragraph.

90.

To the extent the allegations of paragraph 90 allege any wrongdoing on the part of Defendant Matthews for his role in the investigation of Curtis Flowers or others, Defendant Matthews denies the allegations of the paragraph.

91.

To the extent the allegations of paragraph 91 allege any wrongdoing on the part of Defendant Matthews for his role in the investigation of Curtis Flowers or others, Defendant Matthews denies the allegations of the paragraph.

92.

To the extent the allegations of paragraph 92 allege any wrongdoing on the part of Defendant Matthews for his role in the investigation of Curtis Flowers or others, Defendant Matthews denies the allegations of the paragraph.

93.

The allegations in paragraph 93, including footnote 4, do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

94.

The allegations in paragraph 94 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

95.

To the extent the allegations of paragraph 95 allege any wrongdoing on the part of Defendant Matthews for his role in the investigation of Curtis Flowers or others, Defendant Matthews denies the allegations of the paragraph. Answering further, Defendant Matthews states affirmatively that he investigated all matters brought to his attention in the normal course of investigations.

96.

The allegations in paragraph 96 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

97.

The allegations in paragraph 97 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

98.

The allegations in paragraph 98 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

99.

The allegations in paragraph 99 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

100.

The allegations in paragraph 100 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

101.

To the extent the allegations of paragraph 101 allege any wrongdoing on the part of Defendant Matthews for his role in the investigation of Curtis Flowers or others, Defendant Matthews denies the allegations of the paragraph.

102.

The allegations in paragraph 102 do not appear to be directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

103.

The allegations in paragraph 103 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent the allegations in the paragraph could be deemed to assert any wrongdoing against Defendant Matthews, the allegations are denied.

104.

Defendant Matthews denies the allegations of paragraph 104.

105.

Defendant Matthews denies the allegations of paragraph 105.

**Impact on Mr. Flowers**

106.

The allegations in paragraph 106 are not directed at Defendant Matthews and, for that

reason, no answer is required. To the extent that an answer is required, Defendant Matthews is without sufficient information to admit or deny the allegations of paragraph 106 of the Complaint and, for that reason, those allegations are denied.

107.

The allegations in paragraph 107 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that an answer is required, Defendant Matthews is without sufficient information to admit or deny the allegations of paragraph 107 of the Complaint and, for that reason, those allegations are denied.

108.

The allegations in paragraph 108 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that an answer is required, Defendant Matthews is without sufficient information to admit or deny the allegations of paragraph 108 of the Complaint and, for that reason, those allegations are denied.

109.

The allegations in paragraph 109 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that an answer is required, Defendant Matthews is without sufficient information to admit or deny the allegations of paragraph 109 of the Complaint and, for that reason, those allegations are denied.

110.

The allegations in paragraph 110 are not directed at Defendant Matthews and, for that reason, no answer is required. To the extent that an answer is required, Defendant Matthews is without sufficient information to admit or deny the allegations of paragraph 110 of the Complaint and, for that reason, those allegations are denied.

## VIOLATIONS

111.

Defendant Matthews denies the allegations of paragraph 111.

112.

Defendant Matthews denies the allegations of paragraph 112.

## PRAYER FOR RELIEF

113.

Answering the allegations included in the unnumbered "**PRAYER FOR RELIEF**" paragraph, Defendant Matthews denies that Plaintiff is entitled to any sum or any amount whatsoever from Defendant Matthews and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## SEVENTH DEFENSE

Defendant Matthews has at all times acted reasonably and in good faith, and within the scope of his authority as an investigator with the Mississippi Highway Patrol.

## EIGHTH DEFENSE

Legitimate grounds support Defendant Matthews' actions that are the basis of Plaintiff's allegations in his Complaint. Probable cause existed for all acts taken by Defendant Matthews, and Plaintiff cannot meet his burden of proving lack of probable cause existed at any relevant time.

## NINTH DEFENSE

Defendant Matthews relied upon persons, documents and/or information which were credible or which reasonably appeared to be credible at the time.

**TENTH DEFENSE**

Defendant Matthews did not knowingly or intentionally conceal any exculpatory evidence which should have been made available to Plaintiff or his counsel.

**ELEVENTH DEFENSE**

Defendant Matthews cannot be liable for acts of simple negligence, mere errors or omissions.

**TWELFTH DEFENSE**

Defendant Matthews acted within the scope of his authority as a Mississippi Highway Patrol Investigator without bad faith.

**THIRTEENTH DEFENSE**

All alleged actions or inactions directed at Defendant Matthews relate to his duties and responsibilities and withing the course and scope of his employment as investigator with the Mississippi Highway Patrol. Any alleged actions or inactions of Defendant Matthews are privileged from any liability as a matter of law and he is individually immune from suit on all claims.

**FOURTEENTH DEFENSE**

Affirmatively, Defendant Matthews specifically pleads that he is entitled to immunity under the provisions of Section 11-46-9(1)(c) as it pertains to the performance or execution of duties or activities relating to police protection and law enforcement.

**FIFTEENTH DEFENSE**

Plaintiff's own conduct caused or contributed to his damages, if any. Alternatively, said damages were caused or contributed to by persons other than Defendant Matthews.

**SIXTEENTH DEFENSE**

Defendant Matthews asserts all rights, credit, set-off, indemnification, and/or contribution which he may have pursuant to the laws of the State of Mississippi.

**SEVENTEENTH DEFENSE**

The actions, or failures to act, of others, were an independent intervening cause or superseding cause of Plaintiff's damages or injuries, if any.

**EIGHTEENTH DEFENSE**

Plaintiff sought and received compensation under Mississippi's Wrongful Conviction Statute (Miss. Code Ann. § 11-44-1 et. seq.) and any claims for damages for violations of state law and/or the Mississippi Constitution are barred.

**NINETEENTH DEFENSE**

Punitive damages cannot be justified in this case, and any claim for punitive damages against Defendant would be in violation of the constitutional safeguards provided to Defendant under the Constitutions of the State of Mississippi and the United States of America. Specifically:

a. Any imposition of punitive damages against Defendant in this case would violate the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890 in the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest.

b. Any imposition of punitive damages against Defendant in this case would constitute an excessive fine in violation of Article 3, §28 of the Mississippi Constitution of 1890 and of the due process clauses of the Fourteenth Amendment of the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890.

c. Any imposition of punitive damages against Defendant in this case based on wealth would violate the equal protection clause of the Fourteenth

Amendment to the United States Constitution.

d. No punitive assessment can be imposed against Defendant in the absence of clear and convincing proof of punitive liability as required by the due process clause of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890 and as further required by Mississippi common law.

e. Any award of punitive damages against Defendant in this case would be in violation of the procedural safeguards provided to Defendant under the Fourth, Fifth and Sixth Amendments to the United States Constitution in that punitive damages are penal in nature, and Defendant is entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

f. Any imposition of punitive damages against Defendant in this case would unconstitutionally chill Defendant's access to court and counsel in violation of substantive and procedural due process guarantees of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890, the First Amendment (to the United States Constitution) right to petition for redress of grievances, and the Mississippi Constitutional guarantees of Article 3, §24 (courts to remain open) and §25 (no one debarred from defending civil actions).

g. The Plaintiff's claims for punitive damages are governed by, and fail to comply with, the standards set forth by the United States Supreme Court.

**TWENTIETH DEFENSE**

Defendant Matthews reserves the right to assert any further or additional defenses that may be developed during the course of discovery or otherwise warranted in this matter.

WHEREFORE, Defendant Matthews requests judgment in his favor as follows:

A. That Plaintiff's Complaint against him be dismissed in its entirety with prejudice, with Plaintiff to take nothing thereby;

B. That Defendant Matthews be awarded costs incurred herein;

C. That Defendant Matthews be awarded reasonable attorneys' fees incurred herein to the full extent permitted by law; and

D. That Defendant Matthews be awarded any further relief that the Court deems just

and proper.

This the 4th day of November, 2021.

s/Berkley N. Huskison (MSB #9582)
*Attorney for Defendant Jack Matthews*

Of Counsel

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
Post Office Box 1366
Columbus, Mississippi 39703-1366
(662) 328-2316 - phone
(662) 328-8035 - facsimile
bhuskison@mitchellmcnutt.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served, via the Court's ECF system, a true and correct copy of the above and foregoing document on all counsel for the parties.

This the 4th day of November, 2021.

s/Berkley N. Huskison

