IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CURTIS GIOVANNI FLOWERS                                          PLAINTIFF

VS.                                          CAUSE NO: 4:21CV110 NBB/JMV

DOUG EVANS, in his individual capacity, JOHN
JOHNSON, in his individual capacity, WAYNE
MILLER, in his individual capacity, and JACK
MATTHEWS, in his individual capacity,                           DEFENDANTS

## ANSWER TO COMPLAINT
### *Jury Trial Demanded on All Issues so Triable*

COMES NOW, Answering Defendant Wayne Miller (hereinafter "Miller"), by and through the undersigned counsel, and as his initial response to the Complaint filed against him would respond as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Miller upon which relief may be granted.

### SECOND DEFENSE

Some or all of the claims or remedies are barred by the statute of limitations or period of prescription, and any proposed amendments should not relate back to the date of original filing.

### THIRD DEFENSE

Plaintiff's own conduct caused or contributed to his damages, if any. Alternatively, said damages were caused or contributed to by persons other than Miller, his agents or assigns.

### FOURTH DEFENSE

Miller is entitled to reasonable attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. §1988, and as otherwise provided by law.

**FIFTH DEFENSE**

Plaintiff has failed to join persons or entities which are necessary or indispensable to a complete adjudication of the claims.

**SIXTH DEFENSE**

Some or all of the claims or remedies are barred by the doctrine of laches.

**SEVENTH DEFENSE**

Some or all of the claims or remedies are barred by lack of standing, public policy or documents and information which are of public record.

**EIGHTH DEFENSE**

Some or all of the claims or remedies are barred on grounds of estoppel.

**NINTH DEFENSE**

Some or all of the claims or remedies are barred by waiver or election of remedies. Alternatively, Miller is entitled to a set-off or credit for payments made by others including, but not limited to, the State of Mississippi.

**TENTH DEFENSE**

Any award of punitive, exemplary or special damages of any type is precluded because Miller possessed, at a minimum, legitimate and arguable reasons for his conduct and decisions. Additionally, Miller acted in good faith and within the scope of his authority at all relevant times.

**ELEVENTH DEFENSE**

Miller engaged in no malicious, willful, wanton, reckless or grossly negligent conduct; therefore, any award of punitive damages is barred. In addition, due to a lack of clear standards, any imposition of punitive damages would be unconstitutionally vague and/or overly broad.

2

## TWELFTH DEFENSE

Plaintiff cannot meet the statutory requirements of Miss. Code Ann. § 11-1-65 regarding the imposition of punitive damages.

## THIRTEENTH DEFENSE

An award of punitive damages which bears no proportional or rational relationship to Plaintiff's actual damages, if any, or to the nature and extent of Miller's conduct, if any, would violate both the U.S. Constitution and the Mississippi Constitution.

## FOURTEENTH DEFENSE

An award of punitive damages would violate Miller's constitutional rights under the U.S. Constitution and the Mississippi Constitution including, but not limited to, the following:

(a)     The procedural safeguards provided by the Sixth Amendment to the U.S. Constitution for alleged penal conduct including, but not limited to, permitting imposition of punitive damages with a burden of proof less than "beyond a reasonable doubt";

(b)     The procedural safeguards provided by Article III, §26 of the Mississippi Constitution for alleged penal conduct including, but not limited to, permitting imposition of punitive damages with a burden of proof less than "beyond a reasonable doubt";

(c)     The Self-Incrimination Clause of the Fifth Amendment to the U.S. Constitution;

(d)     The Self-Incrimination Clause of Article III, §26 of the Mississippi Constitution;

(e)     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(f)     The Due Process Clause of Article III, §14 of the Mississippi Constitution; and

(g)     The Double Jeopardy Clause of the Fifth Amendment as applied to the Fourteenth Amendment to the U.S. Constitution.

3

### FIFTEENTH DEFENSE

Miller is entitled to sovereign immunity, governmental immunity, absolute immunity, qualified immunity and/or other immunities afforded him under relevant law.

### SIXTEENTH DEFENSE

Miller is entitled to all of the protections and immunities afforded by the provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, *et seq.* including, but not limited to, qualified immunity from suit, protection against the imposition of punitive and/or special damages, an abbreviated one-year statute of limitations, and the requirement of prior notice.

### SEVENTEENTH DEFENSE

Miller committed no act for which he may be held personally or individually liable.

### EIGHTEENTH DEFENSE

Miller committed no act which could arguably constitute a violation of Plaintiff's clearly established constitutional rights. Additionally, Miller committed no act which was so plainly egregious that a reasonable officer would have known it was unconstitutional.

### NINETEENTH DEFENSE

Probable cause existed for all acts taken by Miller, and Plaintiff cannot meet his burden of proving that a lack of probable cause existed at any relevant time.

### TWENTIETH DEFENSE

Miller relied upon persons, documents and/or information which were credible or which reasonably appeared to be credible at the time.

### TWENTY-FIRST DEFENSE

Miller cannot be held liable for acts of simple negligence, mere errors or omissions.

## TWENTY-SECOND DEFENSE

Miller did not engage in any conduct which limited Plaintiff's ability to present a proper defense to the criminal charges against him including, but not limited to, knowingly or intentionally concealing any exculpatory evidence which should have been made available to Plaintiff or his counsel.

## TWENTY-THIRD DEFENSE

AND NOW, answering paragraph by paragraph, Miller responds as follows:

1. Miller admits that Curtis Flowers was tried six times for the 1996 murders of four people in a furniture store, in Winona, Mississippi. Miller admits that Doug Evans prosecuted all six trials. Miller denies, or denies as worded, the remaining allegations in Paragraph 1.

2. The allegations in Paragraph 2 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 2.

3. Miller denies that he committed "wrongful actions relating to the investigation" and denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the remaining allegations in Paragraph 3.

4. Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 4.

5. Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 5.

6. Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 6.

7.      Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 7.

8.      Miller denies that he "failed to conduct an in-depth investigation," denies that he "concealed" anything related to the "investigation that was conducted," and denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the remaining allegations in Paragraph 8.

9.      Miller denies that he "pressure[d]" any witnesses "to tailor their testimony to fit the narrative of Defendants," and denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the remaining allegations in Paragraph 9.

10.     Miller denies that he committed any "misconduct," and denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the remaining allegations in Paragraph 10.

11.     Miller admits that Curtis Flowers is from Winona, Mississippi, and was tried six times for the Tardy Furniture murders. Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the remaining allegations in Paragraph 11.

12.     The allegations in Paragraph 12 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 13.

14.     Miller admits the allegations in Paragraph 14, but denies he is a proper defendant, and denies any and all liability in the premises.

15.     The allegations in Paragraph 15 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 15.

16.     Miller admits that jurisdiction and venue appear proper; however, he reserves the right to amend this response, should the facts so develop.

17.     Miller admits that jurisdiction and venue appear proper; however, he reserves the right to amend this response, should the facts so develop.

18.     The allegations in Paragraph 18 call for legal conclusions; therefore, no response is due. Should a response be sought, Miller admits that jurisdiction and venue appear proper; however, he reserves the right to amend this response, should the facts so develop.

19.     Miller admits the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without

knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 27.

28.     Miller denies, or denies as worded, the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 31.

32.     Miller denies he "engineered the arrest of Mr. Flowers" and denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the remaining allegations in Paragraph 32.

33.     The allegations in Paragraph 33 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without

knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 33.

34.     The allegations in Paragraph 34 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller admits the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without

knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller admits the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller admits the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller admits the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller admits the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 52.

53. The allegations in Paragraph 53 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 53.

54. Miller denies that he "engaged in repeated misconduct to fabricate a case," and denies, or denies as worded, the remaining allegations in Paragraph 54.

55. The allegations in Paragraph 55 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 55.

56. The allegations in Paragraph 56 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 56.

57. The allegations in Paragraph 57 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 57.

58. The allegations in Paragraph 58 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 62.[1]

63.     Miller denies he engaged in "unseemly investigative tactics" and denies, or denies as worded, the remaining allegations in Paragraph 63.

64.     The allegations in Paragraph 64 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without

---

[1] The allegations in Footnote 1 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Footnote 1.

knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without

knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 78.

79.     The allegations in Paragraph 79 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 79.[2]

80.     The allegations in Paragraph 80 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without

---

[2] The allegations in Footnote 2 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Footnote 2.

knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 82.

83.     Miller denies the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 85.

86.     Miller denies, or denies as worded, the allegations in Paragraph 86.

87.     Miller denies, or denies as worded, the allegations in Paragraph 87.

88.     Miller denies, or denies as worded, the allegations in Paragraph 88.

89.     Miller denies, or denies as worded, the allegations in Paragraph 89.[3]

90.     Miller denies, or denies as worded, the allegations in Paragraph 90.

91.     Miller denies, or denies as worded, the allegations in Paragraph 91.

92.     Miller denies, or denies as worded, the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 93.[4]

94.     The allegations in Paragraph 94 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 94.

95.     Miller denies, or denies as worded, the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without

---

[3] Miller denies, or denies as worded, the allegations in Footnote 3.
[4] The allegations in Footnote 4 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Footnote 4.

knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 98.

99.     Miller denies, or denies as worded, the allegations in Paragraph 99.

100.    Miller denies, or denies as worded, the allegations in Paragraph 100.

101.    Miller denies, or denies as worded, the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 103.

104.    Miller denies, or denies as worded, the allegations in Paragraph 104.

105.    Miller denies, or denies as worded, the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without

knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 are not directed toward Miller; therefore, no response is due. Should a response be sought, Miller denies, denies as worded, or is without knowledge or information sufficient to form a final belief as to the truth of the allegations in Paragraph 110.

111.    Miller denies, or denies as worded, the allegations in Paragraph 111.

112.    Miller denies, or denies as worded, the allegations in Paragraph 112.

113.    Miller denies the allegations in Plaintiff's unnumbered *ad damnum clause*, and all sub-parts thereto, and specifically denies that Plaintiff is entitled to a judgment against him.

## TWENTY-FOURTH DEFENSE

Without waiving any other defense asserted herein, any allegation contained in the Complaint which has not been specifically admitted is hereby denied.

## TWENTY-FIFTH DEFENSE

Miller reserves the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

AND NOW, Defendant Wayne Miller's counsel, having answered Plaintiff's Complaint, paragraph by paragraph, having denied each and every allegation which might impute liability, and having asserted certain defenses, and reserving the right to amend this Answer or assert additional defenses as warranted, respectfully requests that the Court dismiss the Complaint filed against Defendant Wayne Miller, at the cost of Plaintiff.

Respectfully submitted,

WAYNE MILLER

*/s/ H. Scot Spragins*
H. SCOT SPRAGINS, MSB #7748
LAWRENCE J. TUCKER, JR., MSB #100869
Hickman, Goza & Spragins, PLLC
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000 (telephone)
(662) 234-2000 (facsimile)
sspragins@hickmanlaw.com
ltucker@hickmanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, H. SCOT SPRAGINS, of Hickman, Goza & Spragins, PLLC, Attorneys at Law, Oxford, Mississippi, do hereby certify that I have, this date, filed the above with the Clerk of the Court, and a copy has been electronically transmitted to all counsel of record.

DATED: November 4, 2021

*/s/ H. Scot Spragins*_____
H. SCOT SPRAGINS