## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**CURTIS GIOVANNI FLOWERS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:21-CV-110-MPM-JMV**

**DOUG EVANS, in his individual capacity,**
**JOHN JOHNSON, in his individual capacity,**
**WAYNE MILLER, in his individual capacity,**
**and JACK MATTHEWS, in his individual capacity** **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW, DEFENDANT**, John Johnson, in his individual capacity, by and through

Counsel, and respectfully files this his Answer and Affirmative Defenses to the Plaintiff's

Complaint, to-wit:

### FIRST AFFIRMATIVE DEFENSE

Defendant pleads the doctrine of absolute immunity afforded to prosecutors as, at all relevant

times, he was used as an instrumentality of the prosecutor as the prosecutor advocated his case.

### SECOND AFFIRMATIVE DEFENSE

To the extent applicable, Defendant adopts the arguments of the Attorney General on behalf

of Defendant Evans on file herein at Docket # 7. As limited by prosecutorial immunity post issuance

of the arrest warrant for Mr. Flowers, the instant complaint does not satisfy the elements of a

sustainable *Franks Claim* and is barred by the Independent Intermediary Doctrine.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief against this Defendant and no recovery may be had

against Defendant for each and all of the reasons contained in this Answer and for the reason that

this Defendant has not violated any law in any manner whatsoever. Further, Defendant says there

can be no recovery of any damages or attorneys' fees for the reason that all actions of Defendant were in good faith and predicated upon the basis of reasonable and just grounds for the belief that its actions did not and do not constitute a violation of any law.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is immune from all or part of Plaintiff's lawsuit pursuant to sovereign immunity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages are not caused by any constitutional violation, and there is no basis for liability against the Defendant herein. No Defendant was deliberately indifferent to any constitutional violation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust internal administrative remedies and, therefore, his claims are barred.

### SEVENTH AFFIRMATIVE DEFENSE

Any and all actions taken with respect to Plaintiff were not based upon any prohibited factors or upon any unlawful or impermissible reasons, but were taken in good faith and for legitimate reasons and based upon legitimate nondiscriminatory reasons.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff accepted payment from the State of Mississippi for wrongful incarceration, and this Defendant pleads all the benefits of such payment including the fact that any further recovery may be foreclosed entirely or reduced due to such payment.

### NINTH AFFIRMATIVE DEFENSE

Punitive damages may not be recovered from Defendant as he is immune from such damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not possess and was not deprived of any procedural and/or substantive due process interest protected by the Fourteenth Amendment or alternately was provided an adequate post-deprivation remedy.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts all affirmative defenses that are or may become available or of which Defendant may become aware (upon further investigation or discovery) under Fed. R. Civ. P.12(b).

## THIRTEENTH AFFIRMATIVE DEFENSE

There are no viable claims arising under state law in this case. This Defendant invokes all affirmative defenses available under the MTCA for any state law claims falling under *Miss. Code Ann.* §11-46-11.

## FOURTEENTH AFFIRMATIVE DEFENSE

 The claims brought against Defendant are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

This Defendant in this case is entitled to qualified immunity as to all claims brought pursuant to 42 U.S.C. §1983 and state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is absolutely immune from punitive damages liability for all claims brought

pursuant to 42 U.S.C. §1983.

### SEVENTEENTH DEFENSE

Insofar as any state law claims are concerned, Defendants invoke each and every restriction, limitation, requirement, privilege and immunity of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-1, et seq.

### EIGHTEENTH  DEFENSE

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann*. §11-46-15, insofar as any state law claims are concerned.  Additionally, Defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against Defendants.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## NINETEENTH DEFENSE

To the extent Plaintiff seeks to impose individual liability upon Defendant under state law, the provisions of *Miss. Code Ann*. §§11-46-5 and §11-46-7 (1999), are hereby invoked, prohibiting individual liability under the provisions of the <u>Mississippi Tort Claims Act</u>, §11-46-9(1) (Supp. 1997), et seq.  To the extent Plaintiff seeks to impose individual liability against Defendant under state law outside the scope of the <u>Mississippi Tort Claims Act</u>, those claims are barred by expiration of the applicable statute of limitations under *Miss. Code Ann*. §15-1-35 (1983), or, alternatively, by laches, waiver and estoppel.  Accordingly, Defendant moves for a dismissal of any claims alleging individual liability under state law pursuant to Fed. R. Civ. Proc. 12(b)(6).

## TWENTIETH DEFENSE

Defendant specifically asserts and invokes all the privileges available to him as set forth in *Fed. R. Civ. P.* 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint fails to state facts against this Defendant which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States.

### TWENTY-SECOND DEFENSE

Defendant is protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

### TWENTY-THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to this Defendant by reason of the fact that any duty on the part of this Defendant involved the use of discretion, and at no time did any employees substantially exceed their authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### TWENTY-FOURTH DEFENSE

The Complaint fails to state a cause of action as to this Defendant for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendant herein. Defendant prays for an early determination of this issue in the interest of judicial economy.

### TWENTY-FIFTH DEFENSE

While denying that the Defendant took any action against the Plaintiff for which it may be liable, this Defendant expressly pleads that each and every action taken by him with respect to the Plaintiff was taken in good faith and for legitimate reasons. Alternatively, this Defendant is protected by immunities afforded it under the *Parrat* and *Hudson* Doctrines/Rules.

### TWENTY-SIXTH DEFENSE

The actions of the Defendant have never involved deliberate indifference, actual malice, or gross negligence which evidences a willful, wanton or reckless disregard of any constitutional rights

of the Plaintiff.

## TWENTY-SEVENTH DEFENSE

This Defendant invokes all defenses to which he is entitled, pursuant to the applicable policies, standards, regulations, laws, statutes, and authorities.

## TWENTY-EIGHTH DEFENSE

With all facts not being fully developed, this Defendant pleads all defenses in Rules 8 and 12 of the *Federal Rules of Civil Procedure.*

## TWENTY-NINTH DEFENSE

Any allegation of the Complaint not specifically admitted is hereby denied. Defendant further denies the Plaintiff is entitled to any relief in the matter.

**AND, NOW,** having asserted his affirmative defenses to the Complaint filed herein, and without waiving any such defenses, John Johnson answers the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

## INTRODUCTION

1. Answering the allegations in paragraph 1, it is admitted that Curtis Flowers was prosecuted 6 times resulting in 4 convictions. The remaining allegations are denied.

2. This Defendant lacks information to admit or deny the allegations contained in paragraph 2 and so, denies same.

3. The allegations of paragraph 3 are denied.

4. Answering the allegations of paragraph 4, on information and belief, it is admitted that an attempted burglary took place at Tardy's Furniture in temporal proximity to Mr. Flowers being terminated from employment. The burglar entered in darkness through a sky light above an

open freight elevator shaft some 35 feet above the concrete floor in an area of the store not open to the public. The burglar then descended from the sky light in darkness to an upper floor where items of furniture were stored. The burglar would have to know to travel the distance of the upper floor to a ladder at the far end of the building commonly used by Tardy's Furniture employees to access the upper 2 floors in the dark. There was no attempt to open the locked safe because it was locked at night. The burglar then exited a side freight door which would only open from the inside due to a secondary bar across the door. The burglar took the key to the side door from a hiding place known only to employees, used it to unlock the door and replaced it prior to exiting similar to what an employee would do as a matter of habit. Although noone was ever charged, none of these facts are inconsistent with the existence of probable cause to believe involvement by Mr. Flowers. The remaining allegations contained in paragraph 4 are denied.

5.      Answering the allegations of paragraph 5, on information and belief, the safe in the rear office of Tardy's Furniture would have been open at the time of the murders as the safe was commonly open during business hours, and one employee was already gone to make the deposit that morning. Moreover, it is unlikely that the murders occurred at the same time, and the wounds were contact and close contact not requiring any specialized skill in marksmanship. None of these facts are inconsistent with the existence of probable cause to believe involvement by Mr. Flowers. The remaining allegations of paragraph 5 are denied.

6.      Answering the allegations of paragraph 6, the bloody footprint at the murders scene was identified as a Fila size 10.5, the same size show box found pursuant to search warrant at Mr. Flower's residence. None of these facts are inconsistent with the existence of probable cause to believe involvement by Mr. Flowers. The remaining allegations of paragraph 6 are denied.

7.     Answering the allegations of paragraph 7, Mr. Flowers had no adult criminal record of being involved in a close contact shooting. The remaining allegations of paragraph 7 are denied.

8.     The allegations of paragraph 8 are denied.

9.     The allegations of paragraph 9 are denied.

10.     Answering the allegations of paragraph 10, dismissal of the indictments against Mr. Flowers did not include a finding by either the Attorney General or trial court that probable cause did not exist. This Defendant lacks information sufficient to admit or deny the reasons cited by the Mississippi Attorney General for dismissing the subject indictment and so denies same, the remaining allegations of paragraph 10 are denied.

## THE PARTIES

11.     Answering the allegation of paragraph 11, it is admitted that Curtis Flowers is from Winona and is Black and was tried six times for the instant crime. The remaining allegations are denied, including the statement "he did not commit" the crimes and was "wrongfully incarcerated" all of which are denied.

12.     The allegations contained in paragraph 12 are not directed at this Defendant, and no response is required. To the extent any response is required, the allegations are denied except that Johnson admits Mr. Evans is the District Attorney for the Fifth Circuit Court District.

13.     Answering the allegations contained in paragraph 13, Mr. Johnson admits he was an Investigator working for the District Attorney and that the known facts at the time of the issuance of an arrest warrant for Mr. Flowers established probable cause for Flowers arrest. On information and belief, the affidavit supporting issuance of the warrant for Mr. Flowers' arrest did not contain false statements or material omissions; made no false statements or omissions knowingly and

intentionally, or with reckless disregard for the truth; and even with the hindsight multiple trials, there were no false statements or material omissions necessary to the finding of probable cause included. The remaining allegations are denied as stated.

14. The allegations of paragraph 14 are not directed at this Defendant, but to the extent they are, same are denied except that Johnson admits Miller was employed by the Mississippi Highway Patrol.

15. The allegations of paragraph 15 are not directed at this Defendant, but to the extent they are, same are denied except that Johnson admits Matthews was employed by the Mississippi Highway Patrol.

## JURISDICTION AND VENUE

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

## FACTUAL BACKGROUND

19. The allegations of paragraph 19 are admitted.

20. The allegations of paragraph 20 are denied as stated.

21. The allegations of paragraph 21 are denied as stated.

22. The allegations of paragraph 22 are admitted.

23. Answering paragraph 23, it is admitted that Flowers was questioned on the day of the murders, that he gave free and voluntary alibi testimony claiming that he did not cross Highway 51, that he consented to a gun shot residue test and was not arrested on the day of the murders. The remaining allegations contained in paragraph 23 are denied.

-10-

24.     Answering paragraph 24, it is admitted that no one was immediately arrested for the murders. The remaining allegations of paragraph 24 are denied.

25.     The allegations contained in paragraph 25 are denied.

26.     Answering paragraph 26, it is admitted that there was an earlier break-in at Tardy's Furniture in temporal proximity to Mr. Flowers being terminated from employment there. The remaining allegations of paragraph 26 are denied.

27.     The allegations of paragraph 27 are denied.

28.     The allegations of paragraph 28 are denied.

29.     Answering paragraph 29, the allegations are denied as stated.

30.     Answering paragraph 30, it is admitted that Flowers dropped and damaged batteries in the days before the murders. The remaining allegations contained in this paragraph are denied.

31.     Answering paragraph 31, it is admitted that Bertha Tardy fired Flowers the week before the murders and that she was docking his pay for the damaged batteries. Any remaining allegations are denied.

32.     The allegations of paragraph 32 are denied.

**Six Trials and Four Appeals**

33.     Answering paragraph 33, it is admitted that Flowers was tried six times pursuant to indictment by a grand jury upon a finding of probable cause.  On information and belief, the evidence supporting indictment did not contain false statements or material omissions; made no false statements or omissions knowingly and intentionally, or with reckless disregard for the truth; and even with the hindsight multiple trials, there were no false statements or material omissions necessary to the finding of probable cause included.  The remaining allegations do not appear to be

-11-

directed at this Defendant, but to the extent they are, same are denied.

34.     The allegations contained in paragraph 34 are admitted.

35.     The allegations of paragraph 35 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 35 and so, same are denied.

36.     The allegations of paragraph 36 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 36 and so, same are denied.

37.     The allegations of paragraph 37 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 37 and so, same are denied.

38.     The allegations of paragraph 38 address immune prosecutorial functions. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 38 and so, same are denied.

39.     The allegations of paragraph 39 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 39 and so, same are denied.

40.     Answering the allegations of paragraph 40, it is admitted that Flowers was convicted

a third time. To the extent the remaining allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 40 and so, same are denied.

41. The allegations of paragraph 41 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 41 and so, same are denied.

42. The allegations of paragraph 42 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 42 and so, same are denied.

43. The allegations of paragraph 43 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 43 and so, same are denied.

44. The allegations of paragraph 44 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 44 and so, same are denied.

45. The allegations of paragraph 45 address immune prosecutorial functions not directed at this Defendant. To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 45 and so, same are

denied.

46.     The allegations of paragraph 46 address immune prosecutorial functions not directed at this Defendant.  To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 46 and so, same are denied.

47.     The allegations of paragraph 47 address immune prosecutorial functions not directed at this Defendant.  To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 47 and so, same are denied.

48.     The allegations of paragraph 48 address immune prosecutorial functions not directed at this Defendant.  To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 48 and so, same are denied.

49.     The allegations of paragraph 49 address immune prosecutorial functions not directed at this Defendant.  To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 49 and so, same are denied.

50.     The allegations of paragraph 50 address immune prosecutorial functions not directed at this Defendant.  To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 50 and so, same are denied.

51.     Answering paragraph  51, to the extent any allegation is directed at this Defendant,

this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 51 and so, same are denied.

52.     The allegations of paragraph 52 address immune prosecutorial functions not directed at this Defendant.  To the extent the allegations are directed at this Defendant, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 52 and so, same are denied.

53.     On information and belief, Answering paragraph 53, this Defendant reserves defenses of release, accord and satisfaction.  Otherwise, this Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 53 and so, same are denied.

54.     The allegations contained in paragraph 54 are denied.

55.     The allegations contained in paragraph 55 are denied.

56.     The allegations contained in paragraph 56 are denied.

57.     Answering paragraph 57, it is admitted that Hallmon testified on multiple occasions that Flowers admitted to the Tardy's Furniture store murders. The remaining allegations contained in paragraph 57 are denied.

58.     The allegations contained in paragraph 58 do not appear to be directed at this Defendant, so no response is necessary. To the extent a response is necessary, this Defendant denies such allegations.

59.     The allegations contained in paragraph 59 are denied.

60.     The allegations contained in paragraph 60 are denied.

61.     The allegations contained in paragraph 61 are denied.

62.     Answering paragraph 62, these allegations do not appear to be directed at this

Defendant and no response then would be necessary. To the extent a response is necessary, as for the allegations that Evans told Hallmon to "lie" in exchange for favors, these allegations are denied. Defendant lacks information to admit or deny the remaining allegations and so, same are denied. The allegations contained in footnote 1 to this paragraph are denied.

63.     The allegations contained in paragraph 63 are denied.

64.     Answering paragraph 64, it is admitted Johnson interviewed Fleming after the murders.  The remaining allegations are denied.

65.     The allegations of paragraph 65 are denied.

66.     The allegations of paragraph 66 are denied.

67.     Answering paragraph 67, it is admitted that Fleming gave a recorded statement which directly contravened the alibi given by Mr. Flowers on the day of the murders and 6 times testified unequivocally that she saw Flowers running from the Tardy's Furniture store on the morning of the murders. The remaining allegations are denied including that Johnson "urged" this testimony and Fleming "falsely" testified.

68.     The allegations contained in paragraph 68 are denied.

69.     The allegations contained in paragraph 69 are denied.

70.     It is admitted Ed McChristian spoke with Mr. Johnson after the murders; the remaining allegations of paragraph 70 are denied.

71.     The allegations contained in paragraph 71 are vague at best and are denied.

72.     The allegations contained in paragraph 72 are denied.

73.     The allegations contained in paragraph 73 are denied.

74.     The allegations contained in paragraph 74 are denied.

-16-

75.     The allegations contained in paragraph 75 are admitted.

76.     Answering paragraph 76, it is admitted Snow's testimony was that she saw Flowers standing next to Doyle Simpson's car on the morning of the murders and that she figured it was Flowers who committed the murders.  The remaining allegations are denied.

77.     The allegations contained in paragraph 77 are denied.

78.     Answering paragraph 78, it is admitted that witness Kennedy testified he saw Flowers walking toward the Tardy's store on the morning of the murders.  The remaining allegations are denied as stated as to how and when Kennedy gave his statement. As for Kennedy's statements themselves, this Defendant lacks sufficient information to admit or deny this allegation and so denies same.

79.     Answering paragraph 79, it is admitted that witness Henry testified she saw Flowers en route to the Tardy's store on the morning of the murders. The remaining allegations contained in paragraph 79 are denied as stated.

80.     The allegations contained in paragraph 80 are denied.

81.     The allegations contained in paragraph 81 are denied.

82.     The allegations contained in paragraph 82 are denied.

83.     The allegations contained in paragraph 83 are denied.

84.     The allegations contained in paragraph 84 are denied.

85.     This Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 85 and so denies same.

86.     The allegations contained in paragraph 86 are denied.

87.     The allegations contained in paragraph 87 are denied.

88.     To the extent directed at this Defendant, the allegations contained in paragraph 88 and the footnote are denied.

89.     To the extent directed at this Defendant, the allegations contained in paragraph 89 and the footnote are denied.

90.     The allegations contained in paragraph 90 are denied.

91.     The allegations contained in paragraph 91 are denied.

92.     The allegations contained in paragraph 92 are denied.

93.     The allegations contained in paragraph 93 are admitted.

94.     The allegations contained in paragraph 94 are denied as stated.

95.     The allegations contained in paragraph 95 are denied.

96.     Defendant lacks information sufficient to answer the allegations contained in paragraph 96 and so same are denied.

97.     Defendant lacks information sufficient to answer the allegations contained in paragraph 97 and so same are denied.

98.     The allegations contained in paragraph 98 are denied.

99.     It is admitted that Collins was shown a photo array, the remaining allegations contained in paragraph 99 are denied.

100.    It is admitted that Collins was shown a photo array, the remaining allegations contained in paragraph 100 are denied.

101.    The allegations contained in paragraph 101 are vague at best, but to the extent any allegations is directed at this Defendant, same is denied.

102.    The allegations contained in paragraph 102 are denied.

103.    To the extent any allegations contained in paragraph 103 are directed at this Defendant, same is denied. As for what other officers did or did not do, this Defendant is without information sufficient to admit or deny same and so same is denied.

104.    The allegations contained in paragraph 104 are denied.

105.    The allegations contained in paragraph 105 are denied.

**Impact on Mr. Flowers**

106.    The allegations contained in paragraph 106 are denied.

107.    Paragraph 107 does not appear to be an allegation. However, this Defendant is without information sufficient to admit or deny the contents of this paragraph and so same is denied.

108.    Paragraph 108 does not appear to be an allegation. However, this Defendant is without information sufficient to admit or deny the contents of this paragraph and so same is denied.

109.    Paragraph 109 does not appear to be an allegation. However, this Defendant is without information sufficient to admit or deny the contents of this paragraph and so same is denied.

110.    It is denied that Flowers was "wrongfully incarcerated" and any other allegations contained within Paragraph 110.

**VIOLATIONS**

111.    The allegations contained in Paragraph 111 are denied.

112.    The allegations contained in Paragraph 112 are denied.

**PRAYER FOR RELIEF**

John Johnson denies the allegations in the unnumbered paragraph of the Complaint entitled "PRAYER FOR RELIEF," including but not limited to, the allegations in subparagraphs (A) through (C).  Defendant specifically denies that Plaintiff is entitled to a judgment against him and further

denies any of the relief requested.

**AND NOW, HAVING FULLY ANSWERED** and asserted his Affirmative Defenses, John Johnson prays that this Court grant the following relief:

(A)    That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, prosecutorial immunity, qualified immunity, the independent intermediary doctrine and applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act;

(B)    That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever;

(C)    That this Court award John Johnson his attorney fees, costs and expenses associated with the defense of the instant civil action pursuant 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 1st day of December, 2021.

**JACKS | GRIFFITH | LUCIANO, P.A.**

By:    /s/ *Daniel J. Griffith*
        Daniel J. Griffith, MS Bar No. 8366
        Jamie F. Lee, MS Bar No. 101881
        Attorneys for Defendant John Johnson

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
FAX No. (662) 843-6176
Email: dgriffith@jlpalaw.com
           jamie@jlpalaw.com

-20-

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney of record for John Johnson, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following:

> Mary Jo Woods
> Gerald L. Kucia
> MS Attorney General's Offie
> Email: mary.woods@ago.ms.gov
>         gerald.kucia@ago.ms.gov
> **Attorneys for Doug Evans**
>
> Hal S. Spragins, Esq.
> Lawrence John Tucker, Jr.
> Hickman, Goza & Spragins, PLLC
> Email: sspragins@hickmanlaw.com
>         lawrencetucker@hitkmanlaw.com
> **Attorneys for Wayne Miller**
>
> Berkley N. Huskison, I, Esq.
> Mitchell McNutt & Sams
> Email: bhuskison@mitchellmcnutt.com
> **Attorney for Jack Matthews**
>
> Jonathan L. Abram, Esq.
> Kaitlyn A. Golden, Esq.
> Kathryn Marshall Ali, Esq.
> W. David Maxwell, Esq.
> Email: jonathan.abram@hoganlovells.com
>         kaitlyn.golden@hoganlovells.com
>         kathryn.ali@hoganlovells.com
>         david.maxwell@hoganlovells.com
> **Attorneys for Plaintiff**
>
> Robert B. McDuff, Esq.
> Robert B. McDuff, Attorney
> Email: rbm@mcdufflaw.com
> **Attorney for Plaintiff**

**DATED** this 1ˢᵗ day of December, 2021.

/s/ ***Daniel J. Griffith***
Daniel J. Griffith