**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CURTIS GIOVANNI FLOWERS**                                                 **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 4:21-CV-110-NBB-JMV**

**DOUG EVANS, in his individual capacity,
JOHN JOHNSON, in his individual capacity,
WAYNE MILLER, in his individual capacity,
and JACK MATTHEWS, in his individual
capacity**                                                                      **DEFENDANTS**

**DISTRICT ATTORNEY DOUG EVANS'S
REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS**

COMES NOW, Doug Evans, a Defendant (hereinafter "District Attorney Evans"), by and through counsel of record, and submits his reply to the Plaintiff's Response in Opposition to his Motion to Dismiss, as follows:

### I. INTRODUCTION

Before the Court is District Attorney Doug Evans's Motion to Dismiss and supporting memorandum [Docs. 7, 8], in which he asks the Court to dismiss all claims against him in this matter under both federal and state law based on his prosecutorial immunity from suit. District Attorney Evans also requests dismissal of the Plaintiff's state law claims against him based on the Mississippi Tort Claims Act, the wrongful conviction statute, the applicable statutes of limitations, and the Plaintiff's failure to sufficiently plead necessary elements of his claims. In his responsive briefing [Doc. 30], the Plaintiff argues that District Attorney Evans is not entitled to immunity for his investigative conduct, and that his state law claims are timely, proper under Mississippi law,

and adequately pled. Taking each argument in turn, as set forth below, this Court should reject the Plaintiff's positions and grant District Attorney Evans's motion to dismiss all claims against him.

## II.  LAW AND ANALYSIS

A. **District Attorney Evans Did Not Engage in Investigative Conduct Beyond His Role as Prosecutor.**

The Plaintiff asserts that investigative conduct falls outside the "quasi-judicial role" and is not entitled to absolute immunity. However, the Plaintiff takes the argument too far because some investigative work conducted by a prosecutor falls within the parameters of prosecutorial immunity. It is only investigative work unrelated to an advocate's preparation for the initiation of a prosecution or for judicial proceedings that is not entitled to absolute immunity. The Supreme Court recognized this distinction in *Buckley v. Fitzsimmons*:

> Petitioner argues that *Imbler*'s protection for a prosecutor's conduct "in initiating a prosecution and in presenting the State's case," 424 U.S., at 431, 96 S.Ct., at 995, extends only to the act of initiation itself and to conduct occurring in the courtroom. This extreme position is plainly foreclosed by our opinion in *Imbler* itself. We expressly stated that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom," and are nonetheless entitled to absolute immunity. *Id.,* at 431, n. 33, 96 S.Ct., at 995, n. 33. We noted in particular that an out-of-court "effort to control the presentation of [a] witness' testimony" was entitled to absolute immunity because it was "fairly within [the prosecutor's] function as an advocate." *Id.,* at 430, n. 32, 96 S.Ct., at 995, n. 32. To be sure, *Burns* made explicit the point we had reserved in *Imbler,* 424 U.S., at 430–431, and n. 33, 96 S.Ct., at 994–996, and n. 33: A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. *See Burns,* 500 U.S., at 494–496, 111 S.Ct., at 1943–1944. We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.

*Buckley*, 509 U.S. at 272-273. The United States Court of Appeals for the Fifth Circuit similarly has acknowledged, "Not all of an advocate's work is done in the courtroom. For a lawyer to properly try a case, he must confer with witnesses, and conduct some of his own factual investigation." *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). *See also Howard v. Taylor*, 62 F.3d 394 (5th Cir. 1995) (prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution); *Tubwell v. Dunn*, 12 F.3d 1097 (5th Cir. 1993) (prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution so long as acts occur within the judicial phase of criminal proceedings).

### B. Failure to Investigate

The Plaintiff specifically argues that District Attorney Evans's failure to investigate suspects and exculpatory evidence is unshielded investigative conduct. This argument simply does not make sense. It is purely contradictory to say that failure to investigate constitutes investigative activity. Instead, courts have consistently held that prosecutors are entitled to immunity for claims based on an alleged failure to investigate, which is akin to the prosecutor's role as advocate in evaluating evidence and deciding whether to prosecute. *See* Doc. 8, Memorandum in Support of District Attorney Doug Evans's Motion to Dismiss, and cases cited therein. The Plaintiff complains that the cases on point cited by District Attorney Evans on this issue are not from the Fifth Circuit. However, the Plaintiff has failed to cite any contrary authority on point either within or outside the Fifth Circuit. Instead, he relies on cases which are distinguishable and unrelated.

The prosecutor in *Singleton v. Cannizzaro*, 956 F.3d 773 (5th Cir. 2020) evaded the judicial process by creating and using fake subpoenas to gather information from victims and witnesses outside of court, not for use at trial, and the suit was brought by those witnesses rather than a

3

criminal defendant. The Plaintiff also points to *Hoog-Watson v. Guadalupe Cnty, Tex.*, 591 F.3d 431, 439 (5th Cir. 2009) and *Marrero v. City of Hialeah*, 625 F. 2d 499, 505-06 (5th Cir. 1980). However, even a cursory reading of *Hoog-Watson* and *Marrero* reveals that the prosecutors in those cases actually participated in the search and seizure of evidence. Similarly, the prosecutor in *Terwilliger v. Reyna*, 4 F.4th 270, 277-81 (5th Cir. 2021) was the driving force behind a mass arrest in the aftermath of a shootout at a meeting of hundreds of bikers, was actually present at the scene, and took photographs while there.[1]

No such allegations against District Attorney Evans appear in the Plaintiff's complaint. Instead, the only factual allegations specific to District Attorney Evans (as opposed to the defendants generally) indicate that he was fully informed of the investigation, not that he participated in it directly. The Plaintiff's conclusory allegations that "much of the misconduct occurred in his role as an investigator working in conjunction with the other three defendants," [Complaint, Doc. 1, at ¶ 4], or that he was involved in or engineered the investigation are insufficiently vague and threadbare to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Rose v. Bartle*, 871 F.2d 331, 345 (3rd Cir. 1989) ("mere invocation of the catch-word 'investigatory' . . . cannot suffice . . . to forestall dismissal on immunity grounds"); *Barnes v. Madison*, 79 Fed. Appx. 691, 705 (5th Cir. 2003) ("generalized allegations of negligence on the part of all defendants is insufficient to avoid . . . immunity defense").

---

[1] The Plaintiff also cites *Simon v. City of New York*, 727 F.3d 167 (2nd Cir. 2013) for the general premise that prosecutors are not immune for investigative interviews. However, the court in *Simon* held the prosecutor exceeded his prosecutorial function based on his participation in the detention of a material witness who was held against her will for two days while she was interrogated. *Id*. at 172-74. No such allegations of an extended detention of a witness are lodged against District Attorney Evans in this case.

4

### C. Manufacturing Evidence

In addition, the Plaintiff urges the Court to conclude that District Attorney Evans manufactured evidence in a manner exceeding his role as prosecutor. However, the cases he cites in support of his argument are dissimilar and unpersuasive. The case of *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003) involved potential fabrication of evidence by a witness, not a prosecutor, and the court did not analyze absolute immunity, instead noting that the issue would be addressed on remand. The Eighth Circuit's opinion in *McGhee v. Pottawattamie Cnty., Iowa*, 547 F.3d 922, 932-33 (8th Cir. 2008) did not even address prosecutorial immunity, but instead analyzed whether the conduct at issue, occurring before filing formal charges, was protected by qualified immunity. In *Zahrey v. Coffey*, 221 F.3d 342, 347 (2nd Cir. 2000), the prosecutor conceded for purposes of the appeal that qualified immunity applied to his alleged fabrication of evidence, reserving for remand his position that all of his actions merited absolute prosecutorial immunity. As previously discussed, the *Terwilliger* case held that a prosecutor was not immune for his conduct where he investigated the scene within hours of the incident and took photographs of the scene, thereby "[c]reating or manufacturing new facts." *Terwilliger*, 4 F.4th at 281.

Also discussed above, the *Singleton* case involved a prosecutor's involvement in the falsification and use of fake subpoenas to coerce the plaintiff victims and witnesses to gather information, not to control witness testimony during a break in judicial proceedings or to compel testimony at trial, and the plaintiffs were the witnesses themselves instead of a criminal defendant. *Singleton*, 956 F.3d at 783-84, n. 5. The Plaintiff's insistence that this case is akin to *Singleton* rather than *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003), cited by District Attorney Evans, is simply wrong. Like the prosecutors in *Cousin*, District Attorney Evans is accused of seeking to procure false testimony to be presented at trial. The Fifth Circuit held that the conduct was

advocatory rather than investigative because it "was intended to secure evidence that would be used in the presentation of the state's case at the pending trial of an already identified suspect, not to identify a suspect or establish probable cause." *Id*. at 735. Even if District Attorney Evans were accused of the unlawful use of subpoenas to talk to potential witnesses like the defendant prosecutor in *Singleton*, the court in *Cousin* held that such actions might allege a violation of the witnesses' constitutional rights, not those of the criminal defendant, as further demonstrated by the *Singleton* case in which the plaintiffs were the witnesses.

The Seventh Circuit's analysis of the issue in *Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014), also cited by the Plaintiff, actually supports District Attorney Evans's position. As the Plaintiff indicates, the court held that one prosecutor was not entitled to prosecutorial immunity for coercing fabricated testimony *before* the criminal defendant's indictment and arrest. *Id*. at 1112-14. However, the court found that another prosecutor was protected by prosecutorial immunity for the alleged procurement of false testimony in preparation for the criminal defendant's second trial because it was necessarily "in the midst of his prosecution." *Id*. at 1115. "Once prosecution begins, bifurcating a prosecutor's role between investigation and prosecution is no longer feasible." *Id*.

Similarly, in this case, District Attorney Evans is accused of participating in the falsification of Hallmon's testimony between two of his criminal trials. [Doc. 1 at ¶¶ 55-57].[2] By 2001, when the Plaintiff alleges Evans convinced Hallmon to "change his story" [Doc. 1 at ¶ 56], the Plaintiff's first conviction and sentence had been overturned, in part because evidence of all

---

[2] The Plaintiff concedes that District Attorney Evans is shielded by prosecutorial immunity for his alleged presentation of false testimony at trial. [Doc. 30 at 15]. Hallmon is the only witness the Plaintiff accuses District Attorney Evans himself of coercing to testify falsely. Therefore, as discussed in his previously filed memorandum of authorities, District Attorney Evans should be afforded immunity for his presentation of any other witness's allegedly false testimony.

6

four murders was introduced when only one was being tried. *Flowers v. State*, 773 So.2d 309 (Miss. 2000). The Plaintiff's second conviction and sentence were pending on appeal [Doc. 1 at ¶ 56], and the case had been tried in the same manner of using evidence of all four murders to convict the Plaintiff of only one. *Flowers v. State*, 842 So.2d 531, 537 (Miss. 2003) (reversing and remanding to circuit court, *inter alia*, because evidence of all four murders was introduced when only one was being tried). District Attorney Evans would have been aware that he almost certainly faced a third trial. Therefore, even assuming the Plaintiff's allegations are true, District Attorney Evans was engaged in trial preparation when he supposedly engaged in the manufacture of false evidence. As a result, he is shielded by his absolute prosecutorial immunity. *See Fields, supra*; *Cousin, supra*; *Rose v. Bartle*, 871 F.2d 331, 344 (3rd Cir. 1989) (direct solicitations of false testimony for use in grand jury proceedings "are encompassed within 'the preparation necessary to present a case' and therefore are immunized as involving the prosecutors' advocacy functions").[3]

### D. Flowers's State Law Claims are Time-Barred, Improper Under Mississippi Law, and Inadequately Pled.

In addition to being barred by District Attorney Evans's prosecutorial immunity, the Plaintiff's state law claims are subject to dismissal based on the Mississippi Tort Claims Act, wrongful conviction statute, applicable statutes of limitations, and insufficient pleading.

---

[3] *Moore v. Valder*, 65 F.3d 189 (D.C. Cir. 1995) and *Wearry v. Perrilloux*, 391 F.Supp.3d 620 (M.D. La. 2019), also cited by the Plaintiff, are not controlling and are similarly distinguishable because the alleged coercion and fabrication of testimony did not occur in the midst of or between prosecutions.

### 1. Equitable Tolling

The Plaintiff maintains that the doctrine of equitable tolling should be applied to save his false imprisonment and abuse of process claims. [Doc. 30 at 21]. The Plaintiff's argument is totally without merit.

"The theory of equitable tolling provides that where a plaintiff's delay in filing is caused by the defendant's misrepresentation, the statute is tolled." *Smith v. Franklin Custodian Funds, Inc.*, 726 So.2d 144, 149 (Miss. 1998).

> Equitable estoppel is an extraordinary remedy and should only be invoked to prevent unconscionable results. The doctrine of equitable estoppel is not applied except when to refuse it would be inequitable. The law does not regard estoppels with favor, nor extend them beyond the requirements of the transaction in which they originate. The doctrine of equitable estoppel should be applied cautiously and only when equity clearly requires it.

*Peavey Elecs. Corp. v. Baan U.S.A., Inc.*, 10 So.3d 945, 954 (Miss. Ct. App. 2009) (quoting *Harrison Enterprises, Inc. v. Trilogy Commc'ns, Inc.,* 818 So.2d 1088, 1095 (Miss.2002)); *see Sutton v. Cain,* 722 F. 3d 312, 317 (5th Cir. 2013); *Fierro v. Cockrell,* 294 F. 3d 674, 682 (5th Cir. 2002); *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002); *Granger v. Aarons, Inc.,* 636 F. 3d 708, 712 (5th Cir. 2011); *Diaz v. United States,* 789 F. Supp. 2d 722, 730 (S.D. Miss. 2011). The policy behind statutes of limitations is "to discourage lawsuits." *Harrison Enterprises, Inc.*, 818 So.2d at 1095 (quoting *Philp v. Hicks,* 112 Miss. 581, 589, 73 So. 610, 611 (1917)). The laws are intended "to reward the vigilant, not the negligent." *Id*. at 1096. "Courts have typically extended equitable tolling where 'the claimant actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Harris v. Boyd Tunica, Inc.,* 628 F.3d 237, 239 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 nn. 3 and 4 (1990)).

In the case now before this Court, the Plaintiff's claim for false imprisonment accrued in January of 1997, the date of his arrest. The Plaintiff's claim for abuse of process accrued in June of 2010 when District Attorney Evans last prosecuted him.[4] The Plaintiff maintains that the delay in filing this case (his claims for false imprisonment and abuse of process) is attributable to the fact that "he was quite literally fighting for his life." [Doc. 30, page 21]. However, the Plaintiff is being both melodramatic and disingenuous. Court dockets are filled with lawsuits filed by prisoners including habeas corpus claims, appeals, and direct claims of constitutional right violations. The Plaintiff's failure to timely file the action now before this Court is simply not one of the rare and extraordinary circumstances to which the equitable tolling doctrine should be applied. Moreover, the Plaintiff has not alleged that District Attorney Evans's conduct caused him to miss the filing deadline for his false imprisonment and abuse of process claims. Accordingly, this Court should reject the Plaintiff's argument for equitable tolling.

### 2. Malice

The Plaintiff attempts to evade application of the Mississippi Tort Claims Act ("MTCA") to his Mississippi Constitutional Claims and his claim for false imprisonment by arguing that Evans acted with malice, thereby acting outside the course and scope of his employment. *See* Miss. Code. Ann. § 11-46-5(2) (an employee does not act within the course and scope of his employment if his conduct constituted malice). However, malice is not an element of false imprisonment. § 41:25. False arrest, 5 MS Prac. Encyclopedia MS Law § 41:25 (2d ed.). Rather,

---

[4] The Plaintiff cites *GEICO Cas. Co. v. Stapleton*, 315 So.3d 464, 468 (Miss. 2021) for the premise that a claim for abuse of process does not accrue at the termination of the acts constituting the alleged abuse. However, the court in *Geico* only stated that the cause of action "accrued, *at the latest*, on December 29, 2016, the day the default judgment was set aside." *Id*. (emphasis added). The court did not cite any authority on point and certainly did not purport to overturn existing precedent on this issue.

it is a "factor in deciding whether punitive damages are recoverable in an action for false imprisonment." *Id*. (citing *Wallace v. Thornton*, 672 So.2d 724, 728 (Miss. 1996)). Merely stating in his complaint that District Attorney Evans acted maliciously does not change the elements of the tort of false imprisonment or for his claims under the Mississippi Constitution.

Similarly, identifying District Attorney Evans in the complaint as a defendant sued in his individual capacity does not establish a legal conclusion that his actions were outside the course and scope of his employment for purposes of the MTCA. The Plaintiff's claims under the Mississippi Constitution are governed by the MTCA per Mississippi precedent holding that the exclusive remedy for a monetary damage claim against a governmental entity and its employees for a purported violation of the Mississippi Constitution is under the MTCA. *City of Jackson v. Sutton*, 797 So. 2d 977, 980 (Miss. 2001). The Plaintiff cites no authority to the contrary and cites no authority for the premise that his state constitutional claims include malice as a necessary element. *See Zumwalt v. Jones Cnty. Bd. of Sup'rs*, 19 So.3d 672, 688-89 (Miss. 2009) (only torts requiring proof of malice as an essential element fall outside the scope of the MTCA). His arguments on this point are without merit.

        **3.**     **Ulterior Motive**

The Plaintiff also argues that he has adequately pled the element of ulterior motive for purposes of his abuse of process and malicious prosecution claims. He urges the Court to accept as a sufficient ulterior motive that District Attorney Evans prosecuted him under pressure to make an arrest and to protect his job and reputation. However, the Mississippi Supreme Court has held that a plaintiff in a suit for malicious prosecution "has to show the officer instituted criminal proceeding with a purpose other than *doing his or her job*, which includes bringing criminal offenders to justice." *Univ. of Miss. Med. Ctr. v. Oliver*, 235 So.3d 75, 83 (Miss. 2017). Malice

"connotes a prosecution instituted *primarily* for a purpose other than that of bringing an offender to justice." *Id.* (emphasis added). The Fifth Circuit has similarly held that "improper motive means a motive which is "not a bona fide purpose, or, *not associated with a bona fide purpose*, of bringing a person to punishment as a violator of criminal law." *Nesmith v. Alford*, 318 F.2d 110, 123 (5th Cir. 1963) (emphasis added) (quoting *Jordan v. Alabama G.S.R. Co.*, 81 Ala. 220, 8 So. 191, 192 (1886)). District Attorney Evans's prosecution of Flowers, even if under pressure and with the desire to protect his job and reputation, was part of doing his job. His motive, therefore, was at least associated with a bona fide purpose and not primarily for an alternative purpose.

Similarly, "legitimate, natural consequences flowing from" the use of the process do not constitute ulterior motive" for an abuse of process claim. *Moon v. Condere Corp.*, 690 So. 2d 1191, 1197 (Miss. 1997). "Typical of the cases where the action of abuse of process will lie is where through the employment of process a man has been arrested or his property seized in order to extort payment of money from him . . . or to compel him to give up possession to some thing or value, when such were not the legal objects of the suit. *Moon v. Condere Corp.*, 690 So. 2d 1191, 1197 (Miss. 1997) (quoting *Edmonds v. Delta Democrat Publ'g Co.,* 93 So.2d 171, 230 Miss. 583 (1957)). The Plaintiff's claim for abuse of process fails for the same lack of improper of ulterior motive as his claim for malicious prosecution. He does not allege that District Attorney Evans sought monetary gain or some other improper result. Conviction and imprisonment are the intended result and legal objects of prosecution, such that the Plaintiff has not alleged a claim of abuse of process against District Attorney Evans in this matter. *See Brabham v. O'Reilly Auto., Inc.*, 274 Fed. Appx. 373, 377 (5th Cir. 2008) (use of the criminal process to have someone arrested and prosecuted is not an abuse of process because it uses the process "exactly as it is intended to be used").

### 4. Probable Cause

The Plaintiff's claim that he has sufficiently pled that District Attorney Evans lacked probable cause to allege a malicious prosecution claim is also without merit. The Plaintiff's Complaint for malicious prosecution is insufficient regarding the element of probable cause because the Plaintiff has not alleged any facts that would challenge the *prima facie* probable cause based upon the Plaintiff's indictments.

An indictment by a grand jury is a determination that probable cause does exist to hold the person indicted for trial. *Griffin v. State,* 824 So. 2d 632, 635 (Miss. 2002); *Stevenson v. State,* 244 So. 2d 30, 33 (Miss. 1971). A plaintiff may rebut the prima facie evidence of probable cause raised by a grand jury indictment by showing that the indictment was obtained by failing to make a full and complete statement of facts to the grand jury or district attorney. *Springfield v. Members 1st Cmty. Fed. Credit Union,* 106 So. 3d 826, 830-31 (Miss. Ct. App. 2012). However, in the matter now before this Court, the Plaintiff has not asserted any allegations that the indictment was somehow deficient. Therefore, the Plaintiff has failed to rebut the prima facie case of probable cause established by the Plaintiff's four indictments and the Plaintiff's claim of malicious prosecution must necessarily fail.

### III. CONCLUSION

For these reasons and for the reasons discussed in his motion to dismiss and supporting memorandum, it is requested that the Court enter an order dismissing the Plaintiff's Complaint against District Attorney Evans with prejudice.

Respectfully submitted,

DOUG EVANS, in his individual capacity, Defendant

BY:    LYNN FITCH,
        Attorney General of Mississippi

BY:    /s/ Mary Jo Woods
        Mary Jo Woods (MSB #10468)
        Gerald L. Kucia (MSB #8716)
        Special Assistant Attorneys General
        Post Office Box 220
        Jackson, Mississippi 39205-0220
        Telephone: (601) 359-3680
        Facsimile: (601) 359-2003
        Email: Gerald.Kucia@ago.ms.gov
               Mary.Woods@ago.ms.gov

        Attorneys for Defendant Doug Evans in his Individual Capacity

## **CERTIFICATE OF SERVICE**

I, Mary Jo Woods, Special Assistant Attorney General and attorney for Defendant Doug Evans, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF system, which sent notification of such filing to all counsel of record.

THIS the 8th day of December, 2021.

/s/ Mary Jo Woods
Mary Jo Woods
