IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

CURTIS GIOVANNI FLOWERS;

*Plaintiff*,

v.

DOUG EVANS, in his individual capacity,
JOHN JOHNSON, in his individual capacity,
WAYNE MILLER, in his individual capacity,
and JACK MATTHEWS, in his individual
capacity;

*Defendants*.

Civil Action No. 4:21-cv-00110-NBB-JMV
The Hon. Neal B. Biggers Jr.

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Curtis Giovanni Flowers respectfully submits this Notice of Supplemental Authority in connection with Defendant Doug Evans's Motion to Dismiss, Dkts. 8, 30, and 35. Attached as Exhibit A is a true and correct copy of *Wearry v. Foster*, No. 20-30406, 2022 WL 1315479 (5th Cir. May 3, 2022).

Defendant Evans has claimed that the conduct alleged in this lawsuit is "within the limits of the prosecutorial function" and he is therefore entitled to absolute immunity. Dkt. 8 at 4. The Fifth Circuit's decision in *Wearry* bears directly on this question, clarifying that "[w]hen a prosecutor joins police in the initial gathering of evidence in the field," absolute immunity is not warranted. Ex. A at 2. Evans has also suggested his conduct is shielded because it occurred after Mr. Flowers had been indicted. Dkt. 8 at 17; Dkt. 35 at 6-7. The *Wearry* decision expressly rejects this precise argument, holding that the timing of the investigative work is irrelevant to the inquiry and that a prosecutor may engage in "police investigative work" even after probable cause has

1

been found. Ex. A at 11-12. The decision also emphasizes that the use of fabricated evidence at trial does not convert investigative work into advocatory work. *Id.*

Finally, the decision contains a lengthy discussion of *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003), Ex. A at 12-18, on which Evans relies in his motion to dismiss. *See* Dkt. 8 at 15-18; Dkt. 30 at 16-17; Dkt. 35 at 5-6. The *Wearry* court explains that absolute immunity applied in *Cousins* because the relevant misconduct occurred during the course of plea negotiations, and the false testimony was developed during trial preparation. Ex. A at 12-18. The court distinguished the conduct at issue in *Wearry* by explaining that the misconduct did not occur during trial preparation, nor was the false testimony developed in the context of plea negotiations. *Id.* at 14-15. The Fifth Circuit therefore concluded the prosecutor was not shielded by absolute immunity. The *Wearry* decision makes clear that, contrary to Evans's assertion, *Cousins* does not control in this case. *See* Dkt. 30 at 16-17.

Dated: May 6, 2022

Respectfully submitted,

/s/ Kathryn Marshall Ali
Kathryn Marshall Ali (admitted *pro hac vice*)
Jonathan L. Abram (admitted *pro hac vice*)
W. David Maxwell (admitted *pro hac vice*)
Kaitlyn Golden (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
kathryn.ali@hoganlovells.com
(202) 637-5600

/s/ Robert B. McDuff
Robert B. McDuff
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
rbm@mcdufflaw.com
(601) 259-8484

*Counsel for Plaintiff Curtis Giovanni Flowers*

## CERTIFICATE OF SERVICE

I, Kathryn Marshall Ali, attorney for Plaintiff Curtis Giovanni Flowers, do hereby certify that on this 6th day of May 2022, I caused a true and correct copy of the above and foregoing to be filed with the Court's ECF system, which sent notification of such filing to all counsel of record.

May 6, 2022

/s/ Kathryn Marshall Ali
Kathryn Marshall Ali (admitted *pro hac vice*)
Jonathan L. Abram (admitted *pro hac vice*)
W. David Maxwell (admitted *pro hac vice*)
Kaitlyn Golden (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
kathryn.ali@hoganlovells.com
(202) 637-5600

/s/ Robert B. McDuff
Robert B. McDuff
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
rbm@mcdufflaw.com
(601) 259-8484

*Counsel for Plaintiff Curtis Giovanni Flowers*