IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CURTIS GIOVANNI FLOWERS**                               **PLAINTIFF**

v.                                         **CIVIL ACTION NO. 4:21-CV-110-MPM-JMV**

**DOUG EVANS, in his individual capacity,
JOHN JOHNSON, in his individual capacity,
WAYNE MILLER, in his individual capacity,
and JACK MATTHEWS, in his individual capacity**         **DEFENDANTS**

### JOHN JOHNSON'S MOTION FOR ABSOLUTE OR QUALIFIED IMMUNITY

     **COMES NOW, DEFENDANT**, John Johnson, in his individual capacity, by and through Counsel, and respectfully asks the Court for a finding of immunity for Defendant Johnson and in support thereof would show this Court the following, to-wit:

**PREMISE**

     This case arises out of the multiple convictions of Curtis Giovanni Flowers for the July 16, 1996, quadruple murders at Tardy's Furniture Store. [Doc. 1], p. 5.

     In the Summer of 1996, Tardy's Furniture was a well-established downtown Winona business owned and managed by Mrs. Bertha Tardy.

     On the morning of July 16, 2022, at approximately 10:00 a.m., 59 year-old Mrs. Tardy, along with other store employees: 16 year-old Derrick "Bobo" Stewart, 42 year-old Robert Golden and 49 year-old Carmen Rigby were all fatally shot while the four prepared to open the store for business.

     The gunman shot all four victims at close range. (Affidavit of John Johnson attached as Exhibit "A"). All of the murders occurred in the center of the store near the Tardy's main counter. (Johnson Affidavit Exhibit "A"). All four victims were found lying just a few feet from each other.

1

(Exhibit "A").

The District Attorney for the Fifth Circuit, where the murders took place, was Defendant Doug Evans.

The Complaint alleges that "Evans was deeply involved in the investigation of the case" and "Evans and his office coordinated the investigation" and that "all information about the investigation was funneled through the D.A.'s office." [Doc. 1], pp. 5-6. According to Flowers, Evans maintained "centralized control of the entire investigation." [Doc. 1], p. 6.

The Complaint alleges John Johnson was the "lead investigator" of the Tardy's Furniture murders and was employed by Evans through the District Attorney's Office.

Flowers claims there was "no plausible motive" to tie him to the crime. [Doc. 1], p. 7. However, Flowers was a former employee of Tardy's Furniture who was fired just a week before the July 16, 1996, murders. [Doc. 1], p. 8. Flowers called Mrs. Tardy following the July 4, 1996, holiday (on Monday, July 8th) to see if he still had a job, and Mrs. Tardy told him there was no job. [Doc. 1], p. 8. Flowers made this call after not showing up for work three days in a row and having his check docked for dropping batteries that belonged to Mrs. Tardy. *Id*.

Flowers was arrested for the murders on January 13, 1997.

Flowers alleges the investigators in this case, including Johnson, and the District Attorney had no evidence linking him to the crimes and violated his constitutional rights by taking him to trial for murders Flowers says he did not commit.

However, the evidence against Flowers was substantial: multiple witnesses saw Flowers heading to and from the furniture store on the morning of the murders with a witness actually seeing Flowers running from the store in the moments immediately following the killings; Flowers was

-2-

directly tied to the gun used in the crimes; Flowers was known to wear the exact shoe worn by the murderer; gunshot residue was found on Flowers' hand after the murders; Flowers had the motive to kill as he had just been fired from the store and he had the opportunity - Flowers had no real alibi. Moreover, even though the store was "closed" when the murders occurred, no one would have thought twice about Flowers walking into the store on the morning of July 16, 1996, because each person shot knew Curtis Flowers, as he was a former employee.

Individual Defendant John Johnson brings this immunity Motion as he is either entitled to (1) absolute immunity due to all of his alleged activities being covered by prosecutorial immunity or (2) qualified immunity for all acts complained of.

Johnson served as the District Attorney Doug Evans' investigator. For all of the allegations made, Johnson must be cloaked in the same prosecutorial immunity afforded D.A. Evans.

For any and all allegations, to the extent Johnson was involved personally, all actions were taken as a part of the prosecution's preparation for trial. Alternatively, Johnson is also entitled to qualified immunity for all of his actions as he acted with good faith and within the scope of his discretionary authority at every step of the investigation, and the Plaintiff can point to no clearly established law which Johnson knowingly violated. For all of these reasons, dismissal is proper.

**DOCUMENTS**

In support of qualified immunity, Defendant attaches the following:

**EXHIBIT A**   Affidavit of John Johnson

**EXHIBIT B**   Statement of Edward Lee McChristian

**EXHIBIT C**   Statement of Benard Seals

**EXHIBIT D**   Statement of Clarence Benard Forrest

**BRIEFING:** As required by our local rules, an appropriate memorandum of supporting authorities is being filed herewith.

**NOW, THEREFORE,** John Johnson, in his individual capacity, respectfully prays that he is entitled to absolute and/or qualified immunity for all claims and dismissal of state law claims.

**RESPECTFULLY SUBMITTED** this the 2nd day of August, 2022.

               **JACKS| GRIFFITH| LUCIANO, P.A.**

        By: /s/ *Jamie F. Lee*
           Daniel J. Griffith, MS Bar No. 8366
           Jamie F. Lee, MS Bar No. 101881
           Attorneys for Defendant John Johnson

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
FAX No. (662) 843-6176
Email: dgriffith@jlpalaw.com
    jamie@jlpalaw.com

### CERTIFICATE OF SERVICE

  I, Jamie F. Lee, attorney of record for John Johnson, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Motion for Absolute or Qualified Immunity* to be delivered by the ECF Filing System which gave notice to the following:

      Mary Jo Woods
      Gerald L. Kucia
      MS Attorney General's Offie
      Email: mary.woods@ago.ms.gov
         gerald.kucia@ago.ms.gov
      **Attorneys for Doug Evans**

      Hal S. Spragins, Esq.
      Lawrence John Tucker, Jr.

Hickman, Goza & Spragins, PLLC
Email: sspragins@hickmanlaw.com
       lawrencetucker@hitkmanlaw.com
**Attorneys for Wayne Miller**

Berkley N. Huskison, I, Esq.
Mitchell McNutt & Sams
Email: bhuskison@mitchellmcnutt.com
**Attorney for Jack Matthews**

Jonathan L. Abram, Esq.
Kaitlyn A. Golden, Esq.
Kathryn Marshall Ali, Esq.
W. David Maxwell, Esq.
Email: jonathan.abram@hoganlovells.com
       kaitlyn.golden@hoganlovells.com
       kathryn.ali@hoganlovells.com
       david.maxwell@hoganlovells.com
**Attorneys for Plaintiff**

Robert B. McDuff, Esq.
Robert B. McDuff, Attorney
Email: rbm@mcdufflaw.com
**Attorney for Plaintiff**

**DATED** this 2nd day of August, 2022.

       /s/ ***Jamie F. Lee***
       Jamie F. Lee